[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff brought this action to recover fees charged for the use of its name and services pursuant to a franchise CT Page 6222 agreement. The plaintiff, Days Inn, entered an agreement with the defendants for the purpose of the operation of a hotel in East Lyme under the Day's Inn system. The agreement required the defendant's to pay continuing fees for the use of the Days's Inn name and for services including monthly royalties, reservation system, user fees, taxes, interest and casualty period fees.
The defendants, Thomas Nazarko and Michael Nazarko, personally guaranteed payments of all amounts owed to the plaintiff.
The plaintiff, at a hearing on May 11, 1998, presented various documents including an itemized statement of the account as of September 24, 1996, giving a breakdown of the fees owed and not paid from June 30, 1995 to September 9, 1996, in the total amount of $144,842.57. A witness for the plaintiff, Ms. Jody Sannazzaro, the franchise administrator for Days Inn, testified and explained the itemized account and the other documents.
The defendants, Thomas Nazarko and Michael Nazarko, both appearing pro se, simply denied that the account was accurate. In addition, they claimed that the partnership that executed the agreement went bankrupt and, therefore, they are not personally liable.
The court accepts the testimony of the plaintiff's witnesses as true and accurate. It finds the testimony of Thomas Nazarko neither credible nor accurate. The court also finds that the Nazarko's are liable because of their personal guarantee agreements. The bankruptcy of the partnership doers not excuse them on their personal guarantees.
The court, therefore, enters judgment against the defendants, Thomas Nazarko and Michael Nazarko, personally in the amount of $144,842.57 plus costs.
D. Michael Hurley Judge Trial Referee